CHARLES PINNELL

*v.*

ADONIJAH S. BOYD.

1. A purchaser of the mere equity of redemption, in premises covered by a usurious mortgage, who purchases subject to the lien of the mortgage, cannot set up usury as a defence.

2. A material and controlling fact, which is clearly and fully averred in the bill and not denied or alluded to in the answer, must be taken as confessed.

On final hearing on bill, answer and proofs.

*Mr. John C. Besson,* for complainant.

*Mr. S. B. Ransom,* for defendant.

THE VICE-CHANCELLOR.

This is a foreclosure suit. The defence is usury. It is not made by the mortgagor, but by a purchaser of the mortgaged premises, who acquired title under the foreclosure of a mortgage executed subsequent to that of the complainant. The point in dispute is whether, under the averments of the bill, and the admissions made by the defendant in his answer, he is not pre-

Pinnell *v.* Boyd.

cluded from setting up usury. The bill charges that the mort-
gaged premises were sold to the defendant, at sheriff's sale,
" subject to the lien of the complainant's mortgage." The answer
admits this charge. It says that the mortgaged premises were
sold, as in the complainant's bill set out, under proceedings insti-
tuted upon a mortgage given subsequent to that of the complain-
ant, and that the defendant became the purchaser at such sale,
*as in the complainant's bill stated.*

Chancellor Green said, in *Dolman* v. *Cook, 1 McCart. 63,*
" The purchaser of the mere equity of redemption, in premises
covered by a usurious mortgage, who purchased subject to the
lien of the mortgage, cannot set up usury as a defence." He
had previously used precisely the same language in pronouncing
the judgment of the court of errors and appeals, in *Brolasky* v.
*Miller, 1 Stock. 814.* This is now the settled doctrine of this
court. *Conover* v. *Hobart, 9 C. E. Gr. 120; Lee* v. *Stiger, 3
Stew. Eq. 610.*

Even if it were possible to so read the answer in this case as
to be able to say that it did not admit the material fact charged
in the bill, still we would be bound to regard the silence of the
answer upon this point as an admission of the fact. A material
and controlling fact, which is clearly and fully averred in the
bill and not denied or alluded to in the answer, must be taken as
confessed. *Sanborn* v. *Adair, 2 Stew. Eq. 338.*

It is insisted, however, that the averments of the bill in this
case are not sufficiently explicit to preclude the defence of usury.
It is argued that its averments upon the point under considera-
tion, in order to be sufficiently explicit to demand an express
denial from the defendant, to enable him to avail himself of the
defence of usury, should have alleged that he took title to the
mortgaged premises subject to the particular sum mentioned in
the mortgage, or some other expression, stating with equal per-
spicuity, that he took subject to the sum secured by the mortgage
on its face; for, it is said, that an averment simply alleging that
he took subject to the lien of the mortgage, is merely saying, in
case the mortgage is usurious, that he took subject to such sum
as may be recovered upon it according to law. In other words,

that a usurious mortgage constitutes a lien only for the sum which is legally recoverable upon it.

But an examination of the authorities will show that the draughtsman of the bill has followed, with great exactness, the rule as laid down by all the judges. His averments are as explicit and definite as the formula of the rule itself. Besides, at the time the defendant took title, so far as the pleadings or proofs show, the validity of the complainant's mortgage was undisputed ; no usury, up to that time, had been charged against it, and if it be true that the defendant, in this condition of affairs, agreed to take the mortgaged premises subject to the lien of this mortgage, the conclusion is unavoidable that all parties understood that the burden he agreed they should bear was the sum which the papers, upon their face, showed to be due upon them. And he obtained title to them for that much less than their fair value. If this be the fact, his defence is founded on a violation of good faith, and cannot succeed in a court of equity. Viewed in its most favorable light, his defence is an attempt to speculate upon a violation of law which has done him no harm.

The defendant is precluded, by the admissions of his answer, from setting up usury. The complainant is entitled to a decree without deduction for usury.